# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>FELANDES WILSON,<br><br>                Defendant. | 8:17CR164<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the Findings and Recommendation (F&R), ECF No. 57, issued by Magistrate Judge Michael D. Nelson recommending that the Motion to Suppress filed by the Defendant Felandes Wilson (Defendant), ECF No. 24, be denied. Defendant filed Objections to the Findings and Recommendation, ECF No. 61, as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The Government has not responded to the Objections. For the reasons set forth below, the Findings and Recommendation will be adopted, the Objection will be overruled, and the Motion to Suppress will be denied.

## BACKGROUND

      Defendant is charged with conspiracy to possess with intent to distribute marijuana, possession with intent to distribute marijuana, and use of interstate commerce to promote unlawful activity. Indictment, ECF No. 1. Defendant does not directly object to the Magistrate Judge's factual findings and the Court adopts the findings in their entirety. The Court provides the following by way of summary:

On June 24, 2015, Defendant was sentenced in Nebraska state court to three years' supervised probation after pleading no contest to possession of more than one pound of marijuana. F&R at 1, ECF No. 57, Page ID 346 (citing Ex. 3 - Order of Probation; TR. 49). Under the terms of Defendant's probation, he was required to "[s]ubmit to random searches and seizure of [his] person, premises, or vehicle upon request of a probation officer or a law enforcement officer who has been authorized and directed by the probation officer." *Id.* (citing Ex. 3). At the commencement of his probation, Defendant lived at an address on Butler Street in Omaha, Nebraska. However, in July 2016, he reported to his probation officer that he had moved to 5124 North 51st Street. F&R at 2, Page ID 347 (citing TR. 100-101).

On October 14, 2016, Defendant reported to the office of state probation officer Abby Kossow. After reporting, Defendant consented to a probation search of his residence. Kossow requested that officers from the Omaha Police Department (OPD) perform the search at 5124 North 51st Street. OPD officers, Kossow, and Defendant traveled to 5124 North 51st Street for the search. Upon arrival, Defendant told Kossow to enter the residence using the garage door opener in Defendant's vehicle. After entering, OPD officers triggered an alarm system in the residence. OPD officers testified they were able to deactivate the alarm because Kossow obtained the deactivation code from Defendant. Kossow testified that OPD officers deactivated the alarm.

Officers testified they could smell marijuana as soon as they entered the residence. In the kitchen, officers found a heat-sealing machine, a digital scale, and a money counter. In the garage, officers found empty heat-sealed bags labeled with different marijuana strains. In a closet next to the garage, officers found a loose piece of

2

trim or wood. Upon moving the loose piece, officers viewed a heat-sealed bag of what appeared to be marijuana. Officers believed there was a false void in the closet. Officers asked Defendant how to enter the void but Defendant refused to show them.

Because officers believed they would damage the closet if they attempted to enter the void, they applied for a search warrant based on the evidence found. In the affidavit supporting the application, officers testified that Defendant was a known gang member. It also detailed what officers had found in their search and stated that they observed a "large package of marijuana" in the void. Officers received a search warrant to search the void. The search revealed a hidden room containing approximately 11 pounds of marijuana, approximately $66,000 in United States currency, alcohol, and jewelry.

Defendant moved to suppress the warrant and all evidence obtained from the search of the residence. Defendant admits that he consented to a search of his residence. However, Defendant argues that he lacked informed consent as to which of his two residences would be searched. Defendant further argues that he did not consent to entry of the residence at 5124 North 51st Street because he did not give officers the code to deactivate the alarm and there is a factual issue as to whether probation or OPD officers deactivated the alarm. Defendant also argues that officers lacked probable cause to search his residence because upon discovering the smell in marijuana and the items in the kitchen, the search ceased to be a probation search and became a law

enforcement search.[1] Finally, Defendant argues that he is entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), because OPD officers provided improper information or omitted key information in their application for a search warrant.

The Magistrate Judge recommends that the motion to suppress be denied, reasoning that a reasonable officer would believe that Defendant had consented to the search of the residence. The Magistrate Judge further concluded that even though officers were not required to obtain a search warrant for the void, the application for the warrant was supported by probable cause.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

The Court will adopt the Findings and Recommendation because Defendant consented to the search and the application for the search warrant was supported by probable cause. The Order of Probation provided authorization for the search, and Defendant's actions at the residence demonstrated his consent to the search. Further, the officers' affidavit was supported by probable cause.

### I. Consent to the Search

---

[1] Defendant does not object to the Magistrate Judge's reasoning with respect to the distinction between a "probation search" and a "law enforcement search." The Court adopts the Magistrate Judge's reasoning without further analysis.

4

The search of the residence at 5124 North 51st Street was valid because reasonable officers would understand that Defendant consented to the search. The government is required to show voluntary consent by a preponderance of the evidence. *United States v. Lakoskey*, 462 F.3d 965, 973 (8th Cir. 2006), *as amended on reh'g* (Oct. 31, 2006). Voluntary consent may be express or implied through "words, gestures, and other conduct." *United States v. Jones*, 254 F.3d 692, 695 (8th Cir. 2001); *see also Lakoskey*, 462 F.3d at 973. In the non-verbal context, implied consent can be shown through an affirmative act by a defendant to indicate consent. *See, e.g.*, *United States v. Mendoza*, 677 F.3d 822, 829 (8th Cir. 2012) (holding that defendant who had been informed of right to refuse impliedly consented to search when, after officers said they were going to search his house, he gestured to the house and did not object). "[T]he ultimate inquiry is not whether the defendant subjectively consented, but whether 'a reasonable officer would believe consent was given.'" *United States v. Rodriguez*, 834 F.3d 937, 940 (8th Cir. 2016) (quoting *United States v. Pena–Ponce*, 588 F.3d 579, 584 (8th Cir. 2009)).

In this case, the terms of Defendant's probation specifically required him to "[s]ubmit to random searches and seizure of [his] person, premises, or vehicle upon request of a probation officer or a law enforcement officer who has been authorized and directed by the probation officer." F&R at 1, ECF No. 57, Page ID 346 (citing Ex. 3 - Order of Probation; TR. 49). Defendant reported to the probation office, and expressly agreed to a search of his residence. Defendant even confirmed his consent, stating that officers could "search anything they want," so long as he did not have to ride with the

officers called to perform the search. TR. 60. Based on Defendant's actions and statements, a reasonable officer would believe that consent was given.

Defendant argues that he did not consent to the search of the residence at 5124 North 51st Street because officers did not specify which of Defendant's residences they were going to search. However, the record demonstrates that Defendant told his probation officer in July 2016 that he had moved to 5124 North 51st Street. Moreover, officers actually took Defendant to the residence at 5124 North 51st Street to perform the search. There is no evidence that Defendant made any objection to the search, verbal or nonverbal, once he and the officers arrived at 5124 North 51st Street. Defendant even instructed Kossow to use the garage door opener from Defendant's vehicle to gain entry to the residence. Any ambiguity as to which of Defendant's residences was to be searched was resolved when Defendant arrived with law enforcement at 5124 North 51st Street.

Defendant also points out that Kossow's testimony conflicted with OPD testimony regarding who actually entered the alarm code to deactivate it. Defendant argues that this inconsistency shows he must have refused to provide the code and thus did not consent to entry. However, there is no evidence that Defendant refused to provide the code. Regardless of who entered the code, neither Kossow nor the OPD officers had the code when they entered the residence, yet it is undisputed that the alarm was deactivated. Unrefuted testimony shows that Kossow obtained the code from Defendant. TR. 25-26, 63. Thus, even if there is some confusion in the record as to who entered the code, this confusion fails to imply that officers lacked Defendant's consent to enter the residence.

6

## II. Franks Hearing

The Court adopts the Magistrate Judge's conclusion that the warrant affidavit supported a finding of probable cause consistent with the Fourth Amendment. Affidavits supporting a search warrant are presumed valid. *Franks v. Delaware,* 438 U.S. 154, 171 (1978). "Under *Franks,* a criminal defendant may request a hearing to challenge a search warrant on the ground that the supporting affidavit contains factual misrepresentations or omissions relevant to the probable cause determination." *United States v. Arnold,* 725 F.3d 896, 898 (8th Cir. 2013). In order to grant the request, the defendant must make "a substantial preliminary showing." *Franks,* 438 U.S. at 155. The defendant must demonstrate that the affidavit supporting the warrant "contained false statements or omissions that were material to the finding of probable cause," *United States v. Oleson,* 310 F.3d 1085, 1090 (8th Cir. 2002). "The type of showing required is not easily met." *United States v. Gabrio,* 295 F.3d 880, 883 (8th Cir. 2002).

Defendant has not shown that the affidavit contained omissions or false statements material to a finding of probable cause. The affidavit stated that the officers had personal knowledge of Defendant based on prior contacts; Defendant was on probation for possession of marijuana; Defendant consented to the search of the residence; the residence had a strong odor of marijuana; officers observed heat-sealed bags, a digital scale, and a currency counter in the kitchen; officers observed heat-sealed bags labeled with different marijuana strains; and one officer observed a package of marijuana. This information, within the four corners of the affidavit, was sufficient to support the issuance of the warrant. The minor omissions Defendant

7

identifies would not affect the outcome of this analysis. Accordingly, Defendant has not made the substantial showing required for entitlement to a *Franks* hearing.

## CONCLUSION

For the reasons discussed, the Findings and Recommendation will be adopted and the Motion to Suppress will be denied.

IT IS ORDERED:

1. The Findings and Recommendation, ECF No. 57, are adopted;
2. The Motion to Suppress filed by the Defendant Felandes Wilson, ECF No. 24, is denied; and
3. The Objections to the Findings and Recommendation , ECF No. 61, are overruled.

Dated this 19th day of January, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge